USDC SCAN INDEX SHEET

















```
GEP    7/2/04    14:17
3:04-CV-01323    CALABRESE V. CLINE
*1*
*NTCREM.*
```

ORIGINAL

1  CAROL C. LAM
   United States Attorney
2  JASON D. KRAUS
   Special Assistant U.S. Attorney
3  28 U.S.C. § 543
   Office of the United States Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7460

6  Attorneys for Defendant United States of America

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10 TOM CALABRESE,                    )   Case 04CV 1323 J   (JMA)
                                     )
11              Plaintiff,           )   NOTICE OF REMOVAL OF
                                     )   A CIVIL ACTION
12      v.                           )
                                     )   (28 U.S.C. §§ 1441, 1442, 1446,
13 FRANK CLINE, an Individual,       )   1346(b) and 2679)
   RICHARD THOMPSON, an Individual,  )
14 and DOES 1 - 10, inclusive,       )   Removed from
                                     )   San Diego County Superior Court,
15              Defendants.          )   North County Division
                                     )   Case No. GIN037308
16

17      TO: PLAINTIFF AND HIS ATTORNEY OF RECORD

18      PLEASE TAKE NOTICE THAT the United States of America, on behalf of

19 Defendants Frank Cline, ("Cline") and Richard Thompson, ("Thompson"), by their attorneys

20 Carol C. Lam, United States Attorney, and Jason D. Kraus, Special Assistant U. S. Attorney,

21 and hereby respectfully notice the removal of the above-captioned civil action from the

22 Superior Court of California, County of San Diego. Removal is noticed upon the following

23 grounds:

24      1.   Defendants Cline and Thompson have been named as Defendants in the above-

25 captioned case now pending as Case No. GIN 037308 in the Superior Court of California,

26 North County Division, San Diego County, and no trial has yet been had therein.

27      2.   Both Defendants Cline and Thompson were at all pertinent times alleged

28 herein, employees of the United States and Marine Corps Base Camp Pendleton, a federal

institution located in Oceanside, California. Defendants Cline and Thompson were at all pertinent times federal employees performing within the scope of their duties as Plaintiff's supervisors. The Defendants are sued herein for acts or omissions allegedly occurring within the scope of those duties..

3. The remedy against the United States provided under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, for damages resulting from the negligent or wrongful act or omission of any employee of the federal government shall be exclusive of any other civil action or proceeding against the federal employee by reason of the same subject matter. 28 U.S.C. § 2679(b)(1).

4. Tom Stahl, Assistant U.S. Attorney, Chief, Civil Division, has certified that Defendants Cline and Thompson were acting within the scope of their employment, within the meaning of the Federal Tort Claims Act, at the time of the incident out of which this suit arose. A copy of that certification is attached hereto.

5. No trial has yet occurred.

6. The United States district courts have original jurisdiction of civil actions brought against the United States pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1346(b).

7. Accordingly, this action is properly subject to removal, without bond, under 28 U.S.C. § 1442(a)(1), since the action to be removed is pending in a state court located within this federal jurisdictional district.

8. As of this writing, the United States Attorney for the Southern District of California has not been served with process, pleadings or other orders in the state court proceeding. A copy of the Summons and Complaint from the Superior Court is attached hereto, pursuant to 28 U.S.C. § 1446(a).

///

///

2

1  WHEREFORE, this action now pending in the Superior Court of California, San Diego County, hereby properly is removed therefrom to this court.

DATED: July 1st, 2004

CAROL C. LAM
United States Attorney

JASON D. KRAUS
Special Assistant U.S. Attorney
Attorneys for the Federal Defendants

3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CALABRESE,<br><br>              Plaintiff,<br><br>       v.<br><br>FRANK CLINE, an individual,<br>RICHARD THOMPSON, an individual,<br>and DOES 1 - 10, inclusive,<br><br>              Defendants. | Civil No.<br><br><br>CERTIFICATE OF SERVICE<br>BY MAIL |

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF SAN DIEGO  )

IT IS HEREBY CERTIFIED that:

I am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California; my business address is 880 Front Street, Room 6293, San Diego, California 92101-8893; I am not a party to the above-entitled action; and

On this date, I deposited in the United States Mail at San Diego, California, in the above-entitled action, in an envelope bearing the requisite postage, a copy of:

**NOTICE OF REMOVAL OF A CIVIL ACTION; CIVIL COVER SHEET; CERTIFICATION OF SCOPE OF EMPLOYMENT; NOTICE OF SUBSTITUTION OF THE UNITED STATES OF AMERICA AS A DEFENDANT; [PROPOSED] ORDER FOR SUBSTITUTION OF THE UNITED STATES OF AMERICA AS A DEFENDANT; EX PARTE APPLICATION FOR AN ORDER ESTABLISHING TIME FOR DEFENDANT'S RESPONSE TO PLAINTIFF'S COMPLAINT; [PROPOSED] ORDER ESTABLISHING TIME FOR DEFENDANT'S RETO RESPONCE TO PLAINTIFF'S COMPLAINT;** addressed to:

**Dale R. Larabee, Esq.
Larabee & Gruenberg
1475 Sixth Avenue, Suite 320
San Diego, CA 92101-3542**

the last known address at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 1, 2004.

_____
BARBARA LYTLE

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FRANK CLINE and RICHARD THOMPSON and DOES 1 through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TOM CALABRESE

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, NORTH COUNTY DIVISION
325 S. MELROSE DRIVE
VISTA, CA 92081

CASE NUMBER: GIN057308

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DALE R. LARABEE, ESQ., SB#50962   (619) 230-1234
LARABEE & GRUENBERG, SAN DIEGO, CA 92101

DATE: MAY 1 7 2004
(Fecha)

Clerk, by s/ B. Sherman , Deputy
(Secretario) (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

(SEAL)

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [✓] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [✓] by personal delivery on *(date):* 6/22/04

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

ENCLOSURE

1  Dale R. Larabee, Esq., SB#50962
   Joshua D. Gruenberg, Esq. SB #163281
2  Michelle D. Mitchell, Esq. SB #221841
   LAW OFFICES OF
3  **LARABEE & GRUENBERG**
   2169 FIRST AVENUE
4  SAN DIEGO, CALIFORNIA 92101-3542
   TELEPHONE: (619) 230-1234
5  TELECOPIER: (619) 230-1074

04 MAY 17 PM 1:52

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

6  Attorneys for Plaintiffs, **Tom Calabrese**

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          NORTH COUNTY BRANCH

10  TOM CALABRESE                    | Case No. **GIN037308**
11         An Individual,            | COMPLAINT FOR CONSPIRACY TO:
                                     | INTENTIONAL INFLICTION OF
12         Plaintiffs,               | EMOTIONAL DISTRESS, INTENTIONAL
                                     | INTERFERENCE WITH CONTRACTUAL
13     v.                            | RELATIONSHIP, FRAUD BY
                                     | CONCEALMENT, COMPENSATORY
14  FRANK CLINE & RICHARD THOMPSON   | AND PUNITIVE DAMAGES AND
    and DOES 1 through 10, Inclusive,| ATTORNEYS' FEES
15
           Defendants.               | JURY TRIAL REQUESTED
16

17      COMES NOW, the plaintiff, TOM CALABRESE, and for causes of action against the

18  defendants, and each of them, alleges as follows:

19                          **FIRST CAUSE OF ACTION**

20                      (Conspiracy to Commit Civil Wrongs)

21  1.   Plaintiffs are informed and believe and thereon allege that the causes of action

22       stated herein are ones that arose within the jurisdiction of this Court.

23       Plaintiff, TOM CALABRESE, at all times herein mentioned was, and is a resident

24       of the North County of San Diego, State of California.

25  2.   Plaintiff is informed and believe and thereon alleges that Defendants, RICHARD

26       THOMPSON (THOMPSON), and FRANK CLINE (CLINE) (Jointly referred to

27       as DEFENDANTS) and DOES 1 through 10, inclusive, are, and at all relevant

28       times mentioned herein, either individual or business residents of San Diego, State

of California, and the cause of action for damages herein stated is within the jurisdiction of this court.

3. Plaintiff is ignorant of the true names and capacities of defendant sued herein and DOES 1 through 20, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by said negligence.

4. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned, defendants, and DOES 1 through 20, inclusive, were employees who worked with Plaintiff.

5. Defendants were plaintiff's boss or supervisors.

6. On information and belief, plaintiff says defendants were acting on their own when they committed the acts against plaintiff and caused plaintiff to lose his job, among other damages. Defendants also gave false testimony at plaintiff's MSPB hearing.

7. Plaintiff is a Vietnam veteran where he received the purple heart. He has served in the Marine Corps twice as well as for the Army and Navy. Plaintiff was honorably discharged from all three services. He began to work for the United States Government at Camp Pendleton in 1989.

8. Plaintiff was employed in the Base Housing Department. While working, plaintiff became aware of a number of problems in the base housing, particularly at Wire Mountain, where he worked for five (5) years before terminated.

9. In 2000, THOMPSON was promoted to the assistant manager's position. In May 2001, THOMPSON was promoted to the manager's job. In early 2001, Colonel David John (JOHN) assumed command of Facilities Maintenance, which included Base Housing. Plaintiff e-mailed JOHN to see if he was interested in improving the quality of base housing and hearing plaintiff's ideas how to do so.

10. On February 20, 2001, JOHN e-mailed plaintiff to, "First off all opinions are welcome, all ideas to better the base and where we work is (sic) welcome." On March 6, 2001, JOHN e-mailed plaintiff, "Keep pushing the system and your supervisors on responding to suggestions and inquiries."

11. From January 2001, to April 2001, plaintiff filed a number of complaints which he good faith believed were "whistle blowing" complaints against THOMPSON. Plaintiff believed he has evidence of substandard, unhealthy, sometimes, dangerous, living conditions in the Wire Mountain Complex. Plaintiff received a number of complaints from military families concerning these substandard, unhealthy living conditions, which THOMPSON did not want to hear, and, in plaintiff's perception, attempted to silence plaintiff, then disciplined him in retaliation for his whistle blowing.

12. On April 9, 2001, plaintiff requested, on the advice of his doctor, Doctor Hergesheimer (HERGESHEIMER), ninety day medical leave. From April 9, 2001 until July 9, 2001. Plaintiff then on medical advice, requested leave from July 9, 2001 until August 9, 2001. When plaintiff returned from leave on August 10, 2001, THOMPSON had been promoted to replace SUSAN PENISTON, and CLINE, had moved to THOMPSON's former job of assistant manager.

13. THOMPSON's philosophy was to not help military families, but to intimidate them to comply. THOMPSON and CLINE micro-managed every one of plaintiff's decisions. Plaintiff was still suffering the effects of extreme stress. Plaintiff was on anti-depression medication. Defendants knew or should have known of plaintiff's medical condition and his partial disability. Plaintiff filed complaints against defendants for what he perceived was constant harassment and retaliation.

14. Defendants questioned plaintiff about expressing his opinions off base. Plaintiff perceived these were attempts to influence his right of free speech. Defendants turned plaintiff's smallest mistake (driving 1/4 a mile off base to pick up a sandwich) into a major investigation where plaintiff's whistle blowing activities were minutely examined. Defendants' efforts were part of an intentional effort on

Complaint for Damages

their part to silence plaintiff and cause him to be fired. As part of their efforts in this regard, defendants went through plaintiff's desk and accessed his computer to see whom plaintiff was communicating with concerning base housing.

15. On December 27th, 2001, HERGESHEIMER, wrote a letter for defendants requesting additional medical leave for plaintiff due to stress. Plaintiff gave the letter to THOMPSON, who arbitrarily, intentionally and maliciously denied plaintiff leave. THOMPSON knew, but intentionally failed and refused to tell plaintiff, he was entitled to unpaid leave for personal, but especially for, health reasons. Defendants continued their concerted effort to force plaintiff to leave. On January 11, 2002, CLINE, as part of the joint plan, pressured, bothered and harassed plaintiff, ignoring plaintiff's requests to be left alone and provoked plaintiff to yell and threaten CLINE. On January 15, 2002, plaintiff's medical leave was approved until February 15, 2002. However, on January 11, 2002, Plaintiff was placed on administrative leave, and on January 22, 2002, fired. On December 4, 2002, at an MSPB hearing, THOMPSON and CLINE testified against plaintiff, and plaintiff's firing was upheld. On February 21st, 2004, plaintiff was informed the Administrative Law Judge had found his firing was justified. On March 16, 2004, plaintiff was informed his Appeal had been denied. This is when plaintiff suffered damage for purposes of the statute of limitations.

16. As a direct and legal result of defendants' acts, plaintiff has suffered economic and non-economic damages in an amount that will be proved with detail at trial but exceeding $100,000.00.

## SECOND CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff hereby incorporates all paragraphs of his Complaint pleaded so far as if set out herein paragraph by paragraph verbatim.

17. Within the past one year, defendants conspired to intentionally inflict severe emotional distress on plaintiff and were successful in doing so. Premeditation of this intent is evidenced by CLINE's stating to Phillip Parcel (PARCEL), a retired

Complaint for Damages

marine and civilian contractor in base housing, months before Plaintiff's termination, "I'm going to get Tom."

18. Plaintiff suffered economic and non-economic damages as the legal result of defendants' acts.

## THIRD CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

19. Plaintiff hereby incorporates all paragraphs of his Complaint pleaded so far as if set out herein paragraph by paragraph verbatim.

20. Defendants intentionally interfered with plaintiff's contractual relationship of employment. Defendants purposely caused plaintiff to be fired and caused him to suffer damage thereby,

## FOURTH CAUSE OF ACTION
## FRAUD BY CONCEALMENT

Plaintiff hereby incorporates all paragraphs of his Complaint pleaded so far as if set out herein paragraph by paragraph.

21. Defendants intentionally concealed the following facts, among others, knowing they had an obligation to disclose them and that plaintiff would suffer damage if they were successful in preventing plaintiff and others from learning the facts: HERGESHEIMER had requested plaintiff be given medical leave which was necessary for plaintiff's health, plaintiff had the right to medical leave, if plaintiff did not have the right to medical leave, he had the right to apply for unpaid administrative leave. Defendants knew that plaintiff was suffering from stress and was in a weakened state of mind. HERGESHEIMER has never been contacted by THOMPSON or CLINE to discuss Plaintiff's medical condition.

22. As a legal result of defendants' acts, plaintiff was forced to stay at work, plaintiff "lost it" with CLINE, plaintiff was placed on leave and fired. Plaintiff's firing was upheld on appeal. Plaintiff suffered damage as pleaded.

1  WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as
2  follows:
3  1.   For compensatory damages according to proof, economic and non-economic;
4  2.   For lost earnings;
5  3.   For severe, permanent non-economic loss;
6  4.   For additional economic and non-economic loss as proved
7  5.   For costs of suit incurred herein and reasonable attorneys' fees; and
8  6.   For such other and further equitable and legal relief as
9       the court deems just and appropriate.

May 13, 2004

LARABEE & GRUENBERG

_____
DALE R. LARABEE
Attorney for Plaintiff
TOM CALABRESE

Complaint for Damages

# CIVIL COVER SHEET

**ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Tom Calabrese

**'04 CV 1323 J (JMA)**

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
Frank Cline, an individual
Richard Thompson, an individual
and Does 1 - 10, inclusive   JUL -1 AM 11:35

County of Residence of First Listed  U.S. DISTRICT COURT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DEPUTY

(c) Attorney'S (Firm Name, Address, and Telephone Number)
Dale R. Larabee, Esq.
Larabee & Gruenberg
1475 Sixth Ave., Suite 320, San Diego, CA 92101-3542
(619) 230-1234

Attorneys (If Known)
Jason D. Kraus, SAUSA    (619) 557-7460
U.S. Attorney's Office
880 Front St., Rm. 6393
San Diego, CA 92101-8893

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §§ 1441, 2679 Removal

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  07-01-2004
SIGNATURE OF ATTORNEY OF RECORD
Jason D. Kraus, Special Assistant U.S. Attorney

FOR OFFICE USE ONLY

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

This form was electronically produced by Elite Federal Forms, Inc.